UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DANIEL BRANSON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 4:17 CV 2847 RWS |
| FAF, INC. and MADAR ALI, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Defendant FAF, Inc., moves to dismiss plaintiff Daniel Branson's claim of negligent hiring, training, and supervision in this personal injury case. FAF argues that Missouri law prevents plaintiffs from alleging negligent hiring, training, and supervision claims against a defendant who admits respondeat superior liability for an employee. I find that the cited case law does not prohibit Branson from pleading claims on both of these theories of liability. As a result, I will deny FAF's motion to dismiss.

## BACKGROUND

Plaintiff Daniel Branson claims that Defendant Madar Ali, an alleged agent, servant and employee of FAF, drove a tractor truck into Daniel Branson's vehicle causing him injury and damage. Daniel Branson alleges that Ali acted within the course and scope of his employment when he caused this injury and damage. He

seeks compensation for his injuries, court costs, interest, and other relief that I deem proper. Branson brings these claims under theories of negligence and respondeat superior (Count I), and negligence in the hiring, training, and supervision of Ali (Count II). In its answer to Branson's first amended complaint, FAF admits that Ali "was an agent and/or employee of [FAF's] at all times relevant and was acting in the course and scope of his employment at all times relevant." [No. 15]. FAF otherwise denies liability for Branson's injuries in its answer and moves to dismiss Count II in a separate filing. [No. 16].

## **JURISDICTION**

This case was originally filed in the Circuit Court of St. Louis County in the Twenty First Judicial Circuit of the State of Missouri. With Defendant Ali's consent, FAF removed the case to this court within thirty days of being served with the complaint, on the basis of diversity jurisdiction. 28 U.S.C. § 1332. To exercise subject matter jurisdiction over this case, I must find that the parties are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction," provided there is no apparent legal certainty to the contrary. Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002). In support of the notice of removal, FAF states it is a Tennessee corporation with its principal place of business in Tennessee. It also states upon information and belief that Defendant Ali

at all relevant times was and is a citizen of Ohio and that Branson is a citizen of the State of Florida. FAF also believes that the amount in controversy will exceed $75,000, noting that Branson has alleged over $140,000 in medical bills. Accordingly, I find that diversity jurisdiction is satisfied and that I have subject matter jurisdiction to decide this case.

## LEGAL STANDARD

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager v. Ark. Dept. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). The federal rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A party may state as many separate claims ... as it has, regardless of consistency." Fed.R.Civ.P. 8(d)(3).

## ANALYSIS

FAF argues that, because it admits respondeat superior liability for Ali, Branson cannot maintain a negligent hiring, training, or supervision charge against it. In support of this argument, Branson cites the holding in McHaffie v. Bunch, 891 S.W.2d 822, 827 (Mo.1995), that "once the agency relationship was admitted, it [is] error to permit a separate assessment of fault … based upon the negligent entrustment or negligent hiring theories of liability. It was also error to submit evidence on those theories." Id. at 827. Some judges have interpreted this

3

restriction to apply at the pleadings stage, with the purpose of conserving parties' and judicial resources. See, e.g., Young v. Dunlap, 223 F.R.D. 520, 522 (E.D. Mo. 2004) ("[A]llowing [the plaintiff] to argue negligent entrustment when [the employer] admitted imputed liability is both redundant and prejudicial."). I decline to reach that interpretation. See Cisco v. Mullikin, No. 4:11 CV 295 RWS, 2012 WL 549504, at *1 (E.D. Mo. Feb. 21, 2012). The holding in McHaffie concerns assessment of fault and submission of evidence at trial. It does not prevent Branson from pleading negligent hiring, training, and supervision. See Id.

Accordingly,

**IT IS HEREBY ORDERED** that FAF's motion to dismiss is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2018.